Filed 10/22/21  P. v. Moore CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>KYLE MOORE,<br><br>　　　Defendant and Appellant. | B306541<br><br>(Los Angeles County<br>Super. Ct. No. MA074720) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Charles Chung, Judge.  Affirmed.

　　　Jason M. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

Conforming to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Kyle Moore's counsel filed an opening brief containing a statement of facts but raising no issues. At our request, counsel augmented the record. Counsel then filed a second *Wende* brief asking this court to review the record independently and to determine whether any arguable issues exist on appeal. Moore submitted two supplemental briefs, one in connection with each of counsel's *Wende* briefs. We have reviewed the supplemental briefs and the entire record, including the augmented material. No arguable issues exist. We affirm.

Statutory citations are to the Penal Code.

## I

We recount the pertinent factual and procedural background.

An amended information charged Moore with three counts of second degree robbery and three counts of assault with a firearm.

Court-appointed counsel represented Moore. On August 21, 2019, the trial court held a *Marsden* hearing. (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).) The judge found Moore's lawyer to be "an excellent lawyer" who "really has been working very diligently" on Moore's case.

Two of the charged robberies took place on September 20, 2015, at a Pizza Hut and a Chevron a few miles away. Each victim, a shift manager at the Pizza Hut and a cashier at the Chevron, testified at trial. Each testified a masked man pointed a gun at them and demanded money. Each testified they were scared. The Pizza Hut shift manager described the man as wearing a white hoodie, jeans, and a mask, a description that matched both surveillance video of a man running past the store

2

next to the Pizza Hut and surveillance video taken inside the Chevron during the robbery.  Each victim described the gun as a large blackish revolver, and the shift manager described a wooden handle.  In each robbery, the perpetrator placed an item in the doorway to prevent the door from closing completely; at the Pizza Hut, the robber used a rock.

The third robbery took place on January 12, 2016, at the same Pizza Hut.  A different shift manager was the victim.  This manager described a man wearing a grey hoodie, jeans, and a mask who pointed a black semiautomatic gun at him and demanded money.  The manager testified he was scared.  Again, the robber propped the door open, this time with a piece of rubber.

Police arrested Moore in September 2018 in connection with their investigation of these robberies.  During a recorded interview with police, Moore admitted to committing fewer than 10 robberies, including robbing the Pizza Hut twice.  When asked about the gun he used, he described a large "cowboy" revolver he said someone later took from him.  Moore said he put items in the door jams because he was "just smart" and doing so allowed him to "go right out."  He said he had used a rock and a pinecone for this purpose.  The prosecutor played an audio recording of this interview at trial.

Moore testified in his own defense.  He claimed he had been high on methamphetamine at the time of the interview and did not know what he was saying.  He denied committing the robberies and said he had just been saying whatever he thought the police wanted so they would let him go home.  He claimed he did not have knowledge of the crimes, but rather the police fed him those details.

The jury convicted Moore of all three counts of second degree robbery (§ 211) and found true in connection with each an allegation he personally used a firearm (§ 12022.53, subd. (b)). The trial court sentenced Moore to 21 years and eight months. The court calculated this sentence by taking the midterm of three years on the first count and adding 10 years for the firearm enhancement. For the second and third counts, the trial court took one-third of the midterm and added one-third of the firearm enhancement for a total of four years and four months for each count. The trial court imposed restitution and court fees.

Moore appealed. We appointed counsel to represent him. His counsel has filed two *Wende* briefs. Moore filed two supplemental briefs.

## II

Moore raises four arguments. None has merit.

## A

Moore first asks if "the enhancements of my case . . . are up for review under the new directive." We interpret this as a reference to Senate Bill No. 620 (2017–2018 Reg. Sess.), which gave trial courts discretion to strike firearm enhancements under section 12022.53. This "new" law went into effect on January 1, 2018. Moore thus already received the benefit of this law. (See *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 [where the record is silent on a trial court's exercise of discretion, we presume the court was aware of and correctly applied the law in the absence of record evidence to the contrary].)

Moore's related assertion that, pursuant to the policies implemented by Los Angeles County District Attorney Gascón, the firearm charges would not be brought if he committed his

4

crimes now, while arguably true, does not change the result in his case.

B

In his second supplemental brief, Moore raises another argument related to the personal use firearm enhancements. Moore contends the trial court erred in not sua sponte instructing the jury on the "lesser included enhancement" of being armed with a firearm. Moore argues substantial evidence supported a finding that he did not use the firearm but merely committed the burglary while armed because: (1) the first Pizza Hut manager testified she only "noticed" Moore holding a gun; (2) Moore denied using a firearm; and (3) there was no evidence the gun existed, was real, or was operable. This argument fails on legal and factual grounds.

Moore relies on *People v. Turner* (1983) 145 Cal.App.3d 658 to argue the trial court has a sua sponte duty to instruct on "lesser included enhancements," but the Supreme Court expressly found to the contrary, overruling that portion of *Turner*, in *People v. Majors* (1998) 18 Cal.4th 385, 410–411. (*Majors*, at p. 411 ["a trial court's sua sponte obligation to instruct on lesser included offenses does not encompass an obligation to instruct on 'lesser included enhancements.' "].) We are bound by *Majors*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The record shows Moore used the firearm. The first Pizza Hut manager also testified that Moore pointed the gun at her as he demanded money and that she was scared. The other two victims testified to the same.

The record does not disclose questions or testimony about the authenticity of the gun. But each victim described a gun and

5

testified that Moore pointed the gun at them while demanding money, invoking fear. This evidence is sufficient to support a jury finding under section 12022.53, subdivision (b). (*People v. Monjaras* (2008) 164 Cal.App.4th 1432, 1437–1438 [when defendant uses object that looks like a gun in committing robbery, object's appearance and defendant's conduct may provide sufficient evidence to support finding it was a firearm under section 12022.53].)

## C

Moore next repeats his contention at trial that his statements to the police were unreliable because he was under the influence of methamphetamine. The jury's verdict establishes they did not find Moore's assertions credible. We cannot reweigh the fact finder's credibility findings on appeal. To the extent Moore's statements can be construed as an argument that substantial evidence did not support the verdict, it fails. Moore's statements in the interview confirmed he robbed the Pizza Hut twice, as well as his knowledge of the gun and method used. Substantial evidence supported the verdict.

## D

Finally, Moore points out there was a technical error on the verdict forms completed by the jury. After the jury returned the verdicts, the trial court noticed the forms incorrectly stated section 12000.53, subdivision (b), instead of section 12022.53, subdivision (b), with reference to the firearm allegations. The trial court and counsel confirmed the court had provided the jury with the instruction for the correct section, section 12022.53, subdivision (b). The trial court also explained the issue to the jurors and polled them individually to confirm this did not change their verdict. There was no error.

We have examined the entire record of the proceedings consisting of the clerk's transcript, reporter's transcript, and augmented reporter's transcript, including the sealed reporter's transcript of a *Marsden* hearing, and are satisfied that appointed appellate counsel fully complied with his responsibilities.  There are no arguable appellate issues.

## DISPOSITION

We affirm the judgment.


WILEY, J.


We concur:


GRIMES, Acting P. J.


STRATTON, J.

7